UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



PAUL DELISLE,
individually and on behalf of
others similarly situated,

    Plaintiff,

v.

LGY CORPORATION, a Florida
corporation, d/b/a CORAL ROSE CAFÉ,
and LIDIYA UMANSKY, individually

    Defendant.
_____/



## COMPLAINT

COMES NOW, the Plaintiff, PAUL DELISLE, by and through the undersigned counsel, on behalf of himself and others similarly situated, and hereby sues Defendants, LGY CORPORATION, a Florida corporation, d/b/a CORAL ROSE CAFÉ, and LIDIYA UMANSKY, individually, for the following allegations and cause(s) of action:

1. Plaintiff, PAUL DELISLE, was an employee of Defendants as more fully alleged herein. Plaintiff brings this action on behalf of himself and on behalf of other, current and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act").

2. At all times material hereto, Plaintiff was employed by Defendants as a non-exempt cook/kitchen staff and related services, primarily within the personal jurisdiction and venue of this Court.

3. Plaintiff was employed by Defendants, from approximately May 2006 through present in Hollywood, Florida.

4. Defendant, LGY CORPORATION, a Florida corporation, d/b/a CORAL ROSE CAFÉ, is a privately held Florida corporation that owns and operates a business in Broward County. Defendant suffered persons such as Plaintiff and others similarly situated to work on its behalf as non-exempt cooks and kitchen staff providing food preparation and cooking services and related services. Defendant does, and has done, business extensively within the jurisdiction of this Court. Defendant is within the personal jurisdiction and venue of this Court.

5. At all times material hereto LIDIYA UMANSKY was and is a resident of the State of Florida, who owned and/or operated LGY CORPORATION d/b/a CORAL ROSE CAFÉ, and who regularly exercised the authority to hire and fire employees, determined the work schedules of employees, set the rate pay of employees, and controlled the finances and operations of LGY CORPORATION d/b/a CORAL ROSE CAFÉ. By virtue of such control and authority, LIDIYA UMANSKY is the employer of Plaintiff as such term is defined by the FLSA. 29 U.S.C. §201 et seq.

6. Defendants directly or indirectly acted in the interest of an employer toward Plaintiff and others similarly situated at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and others similarly situated.

7. At all times material hereto, Plaintiff and all the similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

8. This cause of action is brought as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under

the provisions of Title 29 U.S.C. §216 (b) on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

9. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, which includes all non-exempt cooks/kitchen staff employees of Defendants who performed food preparation and related services (collectively, "kitchen staff employees") at any premises in furtherance of the business of Defendants (the "asserted class"), and who worked in excess of forty (40) hours during one or more work weeks on or after December 2004 (the "material time").

10. In the course of employment with Defendants, the Plaintiff and the other employees in the asserted class regularly worked overtime hours (that is, hours in excess of forty (40) hours per workweek, referred to herein as "overtime hours") and were not paid overtime compensation at an overtime rate of time and one-half of their regular rate of pay (the "overtime rate") for all of the overtime hours worked, based in part upon Defendants' custom and practice of paying only a fixed amount per week (that is, a salary) in lieu of the overtime rate for all overtime hours, among other violations of the FLSA.

11. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees in the asserted class, and the compensation actually paid to such employees should be in the possession and custody of Defendants; however, the accuracy and completeness of such records is unknown at this time.

12. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, the Defendant LGY CORPORATION d/b/a CORAL ROSE CAFÉ was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act, 29 U.S.C.

§203(r) and 203(s).  The annual gross sales volume of the Defendant was in excess of $500,000.00 per annum.

13.     At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff and those employees similarly situated performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and the other employees in the asserted class all of the compensation to which they were lawfully entitled for all of the overtime hours within a workweek.

14.     Plaintiff has retained the Shavitz Law Group, P.A. to represent him individually and on behalf of the asserted class, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

15.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 14 above.

16.     Plaintiff is entitled to be paid time and one-half of Plaintiff's respective regular rates of pay for each hour worked in excess of forty (40) hours per work week.  All similarly situated employees (comprising the members of the asserted class) are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

17.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney's fees.

18.     As a result of Defendants' willful violation of the Act, Plaintiff and those similarly situated to Plaintiff are entitled to liquidated damages.

19.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, PAUL DELISLE, and those persons similarly situated to Plaintiff who have or will opt into this collective action, demand judgment against Defendant, R-LGY CORPORATION d/b/a CORAL ROSE CAFÉ and LYDIYA UMANSKY, jointly and severally, for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly paid, liquidated damages, reasonable attorney's fees and costs of suit, prejudgment interest, and for all other appropriate relief.

Dated: December 21, 2007  
      Boca Raton, Florida

Respectfully submitted,

_____  
Stacey H. Cohen (Fla Bar No: 0956791)  
E-mail: scohen@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
1515 S. Federal Highway, Suite 404  
Boca Raton, Florida 33432  
Telephone: 561-447-8888  
Facsimile: 561-447-8831  
ATTORNEYS FOR PLAINTIFF

%JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
PAUL DELISLE, individually and on behalf of others similarly situated,

**(b)** County of Residence of First Listed Plaintiff **Broward County**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Shavitz Law Group, P.A., 1515 South Federal Highway, Suite 404,
Boca Raton, FL 33432, Tel: 561-447-8888; Fax: 561-447-8831

## DEFENDANTS
LGY CORPORATION, a Florida corporation, d/b/a CORAL ROSE CAFÉ, and LIDIYA UMANSKY, individually

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT

07-61893-CIV-SEITZ
FILED by____ KTC
DEC 2 6 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

Attorneys (If Known) / McALILEY
07cv 61893-Seitz/McAl.

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed-(see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
29 U.S.C. 216 (b)- Action For Unpaid Overtime Wages

LENGTH OF TRIAL via __5__ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE December 21, 2007

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 541882   IFP _____