**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 07-61893-CIV-SEITZ/O'SULLIVAN

PAUL DELISLE, individually,

      Plaintiff,

v.

LYG CORPORATION, a Florida corporation
d/b/a Coral Rose Café, and LIDIYA UMANSKY,
individually,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DISMISSING MATTER WITH PREJUDICE AND CLOSING CASE

THIS MATTER is before the Court on Defendants' Motion to Dismiss or Alternative Motion for Summary Judgment [DE-12]. On December 26, 2007, Plaintiff filed a single-count Complaint seeking overtime wages under the Fair Labor Standards Act ("FLSA"). Prior to taking any discovery, Defendants filed a motion to dismiss or alternative motion for summary judgment [DE-6] claiming that this Court lacked subject matter jurisdiction under the FLSA because there is no nexus to interstate commerce. The Court notified the parties of its intention to treat Defendants' motion as one for summary judgment and gave Plaintiff until March 24, 2007 to file any supplemental filing addressing the issue of the Court's subject matter jurisdiction under the FLSA. (*See* DE 15.) On that date, the parties filed a joint notice indicating that Plaintiff did not intend to make a supplemental filing and both parties requested that the Court enter summary judgment in favor of Defendants. (*See* DE 17, 18.)

To establish a claim for overtime compensation under the FLSA, Plaintiff must show either individual coverage i.e., he was engaged in commerce or in the production of goods for commerce, or enterprise coverage i.e., that LGY Corporation ("LGY"), with Defendant Umansky as its corporate officer, is an enterprise engaged in commerce or in the production of commerce. *See* 29 U.S.C. § 207(a)(1);[1] *see also*

_____

[1]Under § 203(s) of the FLSA, an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that--

*Thorne v. All Restoration Serv., Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006); *Alonso v. Garcia*, 147 Fed.Appx. 815, 816 (11th Cir. 2005).  By his pleadings, Plaintiff travels under the enterprise coverage theory.  (*See* Complaint ¶ 12; Response at 6-7 (claiming that LGY is an "enterprise" within the meaning of the FLSA.)) Under this theory, Plaintiff cannot state a claim under the FLSA unless he can prove that LGY has gross annual sales not less than $500,000.  *See* 29 U.S.C. § 203(s).

Defendants submitted evidence that LGY has never had gross revenues exceeding $500,000 in any one year. (Umansky Decl., Jan. 25, 2008, ¶ 4.)  Plaintiff, after engaging in jurisdictional discovery, elected not to submit a response to Defendants' motion and acquiesced to entry of summary judgment against him. Therefore, based on the relevant jurisdictional requirements for FLSA cases and Plaintiff's election not to contest Defendants' summary judgment motion, it is hereby

ORDERED that

(1)     Defendants' Motion to Dismiss [DE 6], which the Court converted to a motion for summary judgment and provided the requisite notice to the parties (*see* DE 25), is GRANTED.

(2)     This matter is DISMISSED WITH PREJUDICE.

(3)     All pending motions not otherwise ruled upon are DENIED AS MOOT.

(4)     This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this _16_ day of April, 2007.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
All Counsel of Record

---

(A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).